IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DERIC LaVELLE MAY, AIS #209534,**    :
                                       :
    **Plaintiff,**                       :
                                       :
vs.                                    :  CIVIL ACTION NO. 11-00675-CB-B
                                       :
**TONY PATTERSON,** *et al.*,          :
                                       :
    **Defendants.**                      :

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Motion for Preliminary Injunction ("Motion") (Doc. 9) and Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction ("Memorandum") (Doc. 10).[1] In his motion, Plaintiff seeks an order directing Defendants to provide him "an opportunity to receive step by step medical treatment; protocol; involving a Ventriculo Peritoneal [sic] Shunting System. . . . [and] an opportunity to consult with the Neurosurgeon that placed the

---

[1] Plaintiff, an Alabama prison inmate who is proceeding pro se, filed the instant § 1983 action challenging the medical treatment that he is receiving in relation to his ventriculoperitoneal shunt ("VP shunt"). He previously brought a similar § 1983 action challenging the treatment he was receiving in relation to his VP shunt. May v. Culliver, CA No. 10-00121-CG-C (S.D. Ala. Feb. 24, 2012). The prior action, which concerned other dates of treatment, was dismissed prior to service process, and is currently on appeal before the Eleventh Circuit Court of Appeals.

shunting system in the ventricle of his brain; the fundamental step is protocol." (Doc. 9 at 2).

The primary purpose of a temporary restraining order or a preliminary injunction is to maintain the status quo of the parties until there is a trial on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). "[A] preliminary injunction is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion on the following four prerequisites. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985) (citation and quotations marks omitted). To prevail on a request for injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

Id. Moreover, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

In the instant motion, Plaintiff argues that all four elements are satisfied; however, the Court finds otherwise. An

2

examination of the second element - whether Plaintiff will suffer irreparable injury unless the injunction issues – reflects that Plaintiff has not met his burden of persuasion. In his motion, Plaintiff does not identify a specific injury which he will suffer if injunctive relief does not issue. Plaintiff merely states, in a very general manner, that he "has suffered and continues to suffer serious physical harm and mental injuries" due to the malfunctioning of his shunt. (Doc. 9 at 1). In his accompanying memorandum, Plaintiff states that he "suffers headaches, vision problems, seizures, loss of coordination and balance, irritability and tiredness and depression."[2] (Doc. 10 at 2). Plaintiff does not elaborate on his alleged symptoms, nor does he provide any specifics with respect to their onset, frequency, or degree. Moreover, Plaintiff does not identify a condition or injury that is irreparable, is imminent, and will result if injunctive relief does not issue. Due to this lack of specific information, the Court finds that Plaintiff has failed to carry his burden of persuasion on this one element. This is particularly true where Plaintiff acknowledges that he is receiving medical care, but takes issue with the course of treatment and the fact that he is not being treated by his original surgeon.

---

[2] The generic listing of health conditions appears as if the listing was copied from a text.

Because the Court finds that Plaintiff has not met his burden of persuasion in regard to this element, the Court will not address the remaining elements inasmuch as Plaintiff bears the burden of persuasion on each of the four elements. United States v. Jefferson Cnty, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor). However, the Court does note that it is highly doubtful that Plaintiff would be able to satisfy another element - there is a substantial likelihood that he will ultimately prevail on the merits.[3] Because Plaintiff failed to meet his burden on one

---

[3] As noted supra, in his Complaint, Plaintiff acknowledges that he is receiving medical care. However, he disputes the course of treatment, and makes known his preference for treatment by his original surgeon. Typically, allegations of this nature do not establish a violation of the Eighth Amendment. Hamm v. DeKalb Cnty, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.") (quotation marks and citations omitted), cert. denied, 475 U.S. 1096 (1986); Murphy v. Turpin, 159 F. App'x 945, 949 (11th Cir. 2005) ("Thus, where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference.") (citing Hamm, supra); cf. Hughes v. Lavender, CA No. 2:10-cv-674, 2011 WL 2457840, at *6 (S.D. Ohio June 16, 2011) (indicating, at the preliminary injunction stage, that the Court would not second guess jail physicians' medical determination to cancel a back surgery as unnecessary when the plaintiff was unable to present evidence that delay in surgery created "an unreasonable risk of serious harm"). Accordingly, at this stage, Plaintiff has not shown that he will be successful on his claim in the complaint.

element, Plaintiff is not due to have injunctive relief granted. <u>Jefferson Cnty</u>, <u>supra</u>. Accordingly, it is recommended that Plaintiff's Motion (Doc. 9) be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **5th** day of **April, 2012.**

                                             **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHT AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection**. Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **5th** day of **April, 2012.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**