# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DERIC LaVELLE MAY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 11-00675-CB-B |
| TONY PATTERSON, et al. | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Deric LaVelle May, an Alabama prison inmate proceeding *pro se*, has filed an objection to the Report and Recommendation of the Magistrate Judge. (Doc. 12.) After *de novo* review of all matters to which objection is raised, the Court finds that the objections are without merit.

Plaintiff filed a motion for preliminary injunction directing Defendants to provide him with certain medical treatment for a malfunctioning ventriculoperitoneal shunt ("VP shunt"). The Magistrate Judge has recommended that the motion be denied because Plaintiff has failed to identify a specific, imminent injury he will suffer if preliminary injunctive relief does not issue. In his objection, Plaintiff points out two potential injuries. First, he notes that a malfunctioning VP shunt can become life threatening if not treated. He does not, however, aver any imminent threat of injury. Second, Plaintiff avers that any blow to the head could result in his death. Because he suffers from a seizure disorder and is housed in an unpadded segregated cell, Plaintiff argues that he is at imminent risk of serious injury or death. However, this risk is unrelated to the relief sought and would not be alleviated if relief were granted. Based on the evidence submitted by Plaintiff, the risk of injury from a blow to the head is always present due

to the *existence* of the VP shunt.[1]  It is not caused by the *malfunctioning* of the shunt.  The basis of this lawsuit and the motion for preliminary injunction is Defendants' alleged failure to provide adequate medical treatment for the malfunctioning VP shunt.  Consequently, neither of the potential injuries identified by Plaintiff in his objection to the Report and Recommendation is sufficient to support a preliminary injunction.

Accordingly, the objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED** as the opinion of this Court.

**DONE** and **ORDERED** this the 21st day of May, 2012.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[1] Plaintiff has attached what appear to be excerpts of transcripts from his sentencing hearing.  The Plaintiff's mother, Joyce Ware, testified that "the doctor [told]me . . . that . . . just one blow to the head. . . could be fatal."  (Pl.'s Ex. A2, Doc. 25.)  Mrs. Ware also testified that he had